UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**MEEKA ARESABA,**
        **Plaintiff,**

        vs.                04-1009

**DIRECTOR WALKER, JR., et al.,**
        **Defendants.**

**ORDER**

    Before the court are the defendants, Roger Walker's, Sharon Eden's, Cletus Shaw's and Stephen Mote's motion to dismiss, d/e 33, and the plaintiff's response thereto, d/e's 36, 37 and 38.

**Standard**

    It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

    When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

**Background**

    The plaintiff, Meeka Aresaba, is an inmate of the Illinois Department of Corrections and was assigned to the Pontiac Correctional Center (PCC) at the times of the occurrences alleged in the complaint. On June 22, 2004, the court held a merit review of the plaintiff's original complaint. In that complaint, the plaintiff named as defendants Roger Walker, Jr., Director of the Illinois Department of Corrections; Stephen D. Mote, Warden of Pontiac Correctional Center (PCC) ; Erika Howard, Correctional Officer on the Adjustment Committee; Cletus Shaw, Lieutenant of Adjustment Committee, PCC; Sharon Eden, Assistant Paralegal of Law Library, PCC; Mark Spencer, Paralegal, PCC; and K. Donavan, Paralegal, PCC.

In his original complaint, Aresaba, stated that he is a Rastafarian by religious choice and therefore requires a Vegan diet. He requested that diet when he was assigned to PCC on August 21, 2002. He claims he made the requests to Chaplain Eldon Kennell who referred the plaintiff to the Assistant Warden, Adella Jordan-Luster. On September 14, 2002, he grieved the denial of his request for a Vegan diet and alleges that he exhausted those grievance procedures. The plaintiff claims he wrote [letters] to the Warden, Mote, and the Assistant Warden, Jordan-Luster regarding the diet. The plaintiff claims his requests for the vegan diet were ignored or denied. The court found that the plaintiff had misstated the Constitutional basis for his complaint but he did raise a First Amendment violation of the free exercise clause.

In addition to his claim of First Amendment violation, Aresaba also complained of Sharon Eden, Mark Spencer and K. Donovan, paralegals on the PCC staff. Aresba said that Eden wrote a disciplinary report about him for trying to communicate with other inmates through the subterfuge of asking paralegal staff to get written materials from those inmates to use in his complaint about the cutting of a Rastafarian's dread locks. Aresaba alleges that he wrote to the paralegal staff: "cell 808 South house has legal material regarding Rastafarian & the cutting of my dread locks." "Please send Eric Birdsall this note and have him return it with my paperwork to you." Aresba was found guilty of the charge and disciplined by three months in segregation and reduction to C grade, and three months denial of commissary and video. He says this is a Fourteenth Amendment violation of his right to due process. Procedural due process protections do not kick in unless a constitutionally significant liberty or property interest is at stake. *See Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995)(per curiam)(to state a procedural due process claim, the plaintiff must allege the deprivation of a constitutionally protected liberty, life or property interest.). Aresaba had no protected liberty, life or property interest in written materials in the possession of another PCC inmate. Furthermore the prohibition against communications among inmates is recognized as supporting a valid penological interest in maintaining institutional security and discipline. The court found that Aresaba's claim against the PCC paralegal staff failed to state a claim for relief. The court advised the plaintiff that unless he is able to file an amendment that shows the court some other basis for his claim against Eden, Spencer and Donovan than what he has alleged, they will be dismissed as defendants.

The plaintiff filed an amended complaint on August 10, 2004. In the plaintiff's amended complaint, the plaintiff names as defendants, Roger Walker, Jr., Director of Illinois Department of Corrections (IDOC); Stephen D. Mote, Warden of Pontiac Correctional Center (PCC); Cletus Shaw, Lieutenant of Adjustment Committee; Sharon Eden, Assistant Paralegal of Law Library; Mark Spencer, Paralegal; and Adell Jordan Luster, Assistant Warden of Programs. The plaintiff did not name K. Donovan or Erika Howard in the amended complaint. Generally, the amended complaint is the same as the original complaint.

The plaintiff claims the defendant, Walker violated his Fourteenth Amendment rights when he failed to remand the plaintiff's grievance back to the institutional level. He claims the defendant, Eden violated his Fourteenth Amendment rights when she failed to retrieve an affidavit from another inmate at the Pontiac Correctional Center and wrote the plaintiff a disciplinary report on April 3, 2003. The plaintiff claims the defendant, Shaw violated the

plaintiff's Eighth Amendment rights when he found the plaintiff guilty of a disciplinary report and recommended that the plaintiff be placed on segregation for three months. The plaintiff claims the defendant Mote violated he plaintiffs Fourteenth Amendment rights when he failed to remand the plaintiff's punishment of three months in segregation. The plaintiff claims the defendants, Mote and Jordan-Luster violated the plaintiff's First Amendment rights when they failed to ensure that the plaintiff receive a vegan diet.[1] The plaintiff claims the defendant, Spencer violated the plaintiff's Fourteenth Amendment rights when he failed to provide the plaintiff with legal copies and access to the courts. (plaintiffs amended complaint, p. 8-10).

## Conclusion

The plaintiff s claims against the defendants in their official capacity are dismissed. A suit against a state employee in his or her official capacity rather than in his or her individual capacity is a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The law is well settled that a suit against state employees acting in their official capacities is barred by the Eleventh Amendment, unless the state consents. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974), *reh'g denied*, 416 U.S. 1000; *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985), *cert denied*, 479 U.S. 816. This is true even though the state is not named as a party to the action. *Edelman v. Jordan*, 415 U.S. 651, 663. Further, there is nothing in the record before this court that indicates that the State of Illinois waived its Eleventh Amendment immunity. *Duckworth*, 780 F.2d at 649.

The plaintiff fails to state a claim against the defendant, Roger Walker. The plaintiff alleges that the defendant, Walker, the Director of IDOC, violated the plaintiff's Fourteenth Amendment rights when he failed to remand the plaintiff's grievance back to the institutional level. (plaintiff's amended complaint, p. 9). The grievance procedure requires the prisoner to file a timely grievance regarding an issue at the institutional level; receive a response from the Chief Administrative Officer of the institution (Warden) and if the Warden denies the grievance, appeal the denial to the Administrative Review Board (ARB). 20 Ill. Admin. Code §504.850. Once a grievance arrives at the ARB, the grievance is reviewed to determine whether a hearing is needed on the grievance. 20 Ill. Admin. Code §504.850(b). The ARB submits it's findings and recommendations to the Director. 20 Ill. Admin. Code §504.850(e). The Director, or his designee, then reviews the findings and recommendations and makes a decision indicating whether or not he agrees or disagrees with the findings and recommendations. 20 Ill. Admin. Code §~ 504.805, 504.850(f).

IDOC's rules do not require or mandate that a grievance that has been appealed to the ARB be remanded back to the institution from which it had come. The court agrees with the

---

[1] The defendant Mote has filed an answer addressing the plaintiff's First Amendment and Religious Land Use and Institutionalized Persons Act issues that are contained within the plaintiff's amended complaint.

defendants. The Director, and his designee, possess an amount of discretion in making determinations on grievance appeals. The plaintiff's claim is Walker did not remand the plaintiff's grievance back to PCC. However, the rules do not require the act that the plaintiff seeks from Walker. Therefore, Walker did not violate the plaintiff's due process rights. The plaintiff's claim that Walker violated his Fourteenth Amendment due process rights is dismissed pursuant to Fed. R. Civ. P. Rule 12(B)(6) for failure to state a claim upon which relief may be granted.

The defendant assert that the plaintiff's claim against the defendant, Sharon Eden should be dismissed. The plaintiff alleges that Eden violated his Fourteenth Amendment rights when she failed to retrieve an affidavit from another inmate at PCC and wrote a disciplinary ticket against the plaintiff on April 3, 2003. (plaintiff's amended complaint, p. 9-10). The defendants assert that IDOC does not have a rule, nor has the plaintiff specified one, that requires IDOC staff to retrieve an affidavit written by one inmate and in the possession of another inmate. Further, the defendants assert that if IDOC staff is aware of an inmate violating IDOC's rules, staff is required to write a disciplinary report against that inmate. 20 Ill. Admin. Code §504.30(b). Procedural due process protections do not kick in unless a constitutionally significant liberty or property interest is at stake. *See Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995)(per curiam)(to state a procedural due process claim, the plaintiff must allege the deprivation of a constitutionally protected liberty, life or property interest.). Aresaba had no protected liberty, life or property interest in written materials in the possession of another PCC inmate. Furthermore the prohibition against communications among inmates is recognized as supporting a valid penological interest in maintaining institutional security and discipline. The plaintiff's allegations contain no constitutional violation and therefore his claims against Eden are dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

The plaintiff also fails to state a claim against the defendant, Cletus Shaw. The plaintiff claims that he defendant, Shaw violated the plaintiff's Eighth Amendment rights when he found the plaintiff guilty of a disciplinary report and recommended the plaintiff be placed in segregation for three months. (plaintiff's amended complaint, p. 9-10). In Illinois, prison inmates do not have protected liberty interests in remaining in general population and remaining out of segregation. *Williams v. Ramos*, 71 F.3d 1246, 1249 (7th Cir. 1995); *Leslie v. Doyle*, 125 F.3d 1132 (7th Cir. 1997). Additionally, placement in segregation does not constitute the "atypical and significant" deprivation of a prisoner's liberty interest as required under the standard established in *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). The defendants assert that pursuant to IDOC's rules, an Adjustment Committee can recommend that an inmate be placed in segregation as punishment for a rules violation. 20 Ill. Admin. Code §504.80(k)(4)(h). Therefore, since the plaintiff did not have a liberty interest in remaining out of segregation, his constitutional rights were not violated. Furthermore, in his amended complaint, the plaintiff failed to allege how his placement in segregation for three months was cruel and unusual such that an Eighth Amendment violation would be implicated. Therefore, the plaintiff's claim against Shaw is dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

The plaintiff's that defendant Stephen Mote violated his Fourteenth Amendment rights when he failed to remand the plaintiff's punishment of three months in segregation (plaintiff's amended complaint, p. 10) fails to state a claim. The defendants assert that once the Adjustment Committee has made it's recommendation concerning a disciplinary report, the recommendation is forwarded to the Warden's office. 20 Ill. Admin. Code §504.80(o). The Warden, or his designee, then reviews the Adjustment Committee's recommendation. 20 Ill. Admin. Code §504.80(p). After review, the Warden, or his designee, can either confirm the recommended discipline in whole or in part, order new proceedings, suspend or overturn the recommended discipline, or offer the inmate a work assignment that if accepted and satisfactorily completed will reduce the original the original disciplinary sanctions. 20 Ill. Admin. Code §504.80(p)(1)(A-D).

IDOC rules give the Warden, and his designee, discretion in making determinations on disciplinary matters. In this case, Plaintiff is upset since Defendant Mote did not remand the discipline back to the Adjustment Committee. However, since IDOC rules provided the defendant Mote with discretion, the plaintiff has no due process right in having Defendant Mote remand the disciplinary decision back to the Adjustment Committee. The rules do not require the act that the plaintiff seeks from Mote. The plaintiff's due process rights were not violated. Therefore, the plaintiff's claim that Mote violated his Fourteenth Amendment due process rights is dismissed pursuant to Fed. R. Civ. P. Rule 12(B)(6) for failure to state a claim upon which relief may be granted.

The plaintiff also fails to state a claim against the defendant, Mark Spencer. The plaintiff alleges that Spencer violated his Fourteenth Amendment rights when he failed to provide the plaintiff with legal copies and access to the courts. (plaintiffs amended complaint, p. 9). Access to the courts is meant to allow a prisoner to bring claims to the preliminary stages in the court, not to allow full-fledged self-representation. *Smith v. Shawnee Library System*, 60 F.3d 317, 322 (7th Cir. 1995). Officials do not deny an inmate access to the courts because of inconveniences or restrictive rules. *Id.* Rather, meaningful access is denied only if a prisoner's ability to do basic research is restricted so much that he is unable to formulate basic legal theories and get through the initial stages of litigation. *Brooks v. Bucher*, 62 F.3d 176, 181 (7th Cir. 1995) (*citing Smith v. Shawnee Library System*, 60 F.3d 317 (1995)). The fact that the plaintiff initiated and has the ability to litigate a denial of access claim is sufficient evidence that he has no claim. *Walters v. Edgar*, 163 F.3d 430 (7th Cir. 1998); *Martin v. Tyson*, 845 F.2d 1451 (**7th** Cir. 1988). Second, an inmate has no constitutional claim unless he can demonstrate that a non-frivolous claim has been frustrated or impeded such that he has suffered an actual injury. *Lewis v. Casey*, 116 S. Ct. 2175, 2180 (1996). The plaintiff has not alleged that the copies he was attempting to obtain were for a court case, that he had an ongoing court case, that he was injured by these events, or that it hampered his ability to file pleadings. In this case, the plaintiff has not demonstrated that his ability to present to the court a non-frivolous claim has been frustrated or impeded. Therefore, this plaintiff has failed to state a claim that he was denied access to the courts. Pursuant to Fed. R. Civ. P. Rule 12(b)(6), his claim against Spencer is dismissed.

The defendants have not addressed the plaintiff's First Amendment claims against Adella

5

Jordan-Luster and Stephen D. Mote, except to advise the court that the defendant Mote has filed an answer, d/e 32, addressing the plaintiff's First Amendment and Religious Land Use and Institutionalized Persons Act issues that are contained within the plaintiff's amended complaint.

The plaintiff's only remaining claim is against the defendants, Adella Jordan-Luster and Stephen D.Mote. The plaintiff says he is a Rastafarian by religious choice and therefore requires a Vegan diet. He claims he requested that diet when he was assigned to PCC, but his request were either ignored or denied by Jordan-Luster and Mote. The plaintiff misstates the Constitutional basis for his claim, but he does raise a First Amendment violation of the free exercise clause against Jordan-Luster and Mote.

**It is therefore ordered:**

1. **Pursuant to Fed. R. Civ. P. Rule 12(b)(6), the defendants' motion to dismiss, d/e 33, is granted. The plaintiff's claims against Roger Walker, Jr., Stephen D. Mote, Cletus Shaw, Sharon Eden, Mark Spencer are dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6). The clerk of the court is directed to terminate the defendants, Roger Walker, Jr., Cletus Shaw, Sharon Eden and Mark Spencer, forthwith.**
2. **The plaintiff may proceed on his First Amendment claim that the defendants, Adella Jordan-Luster and Stephen D. Mote violated the plaintiff's freedom of religion rights under the First Amendment.**
3. **The parties shall abide by the scheduling deadlines set in this order.**
4. **All discovery must be completed on or before Wednesday, November 16, 2005.**
5. **Any dispositive motions must be filed on or before Wednesday, November 30, 2005.**
6. **The clerk of the court is directed to set deadlines in this case.**

**Enter this 15th day of September 2005.**

/s/ Harold A. Baker
_____
**HAROLD A. BAKER**
**UNITED STATES DISTRICT JUDGE**