UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MEEKA ARESABA,
    Plaintiff,

v.    04-1009

DIRECTOR WALKER JR., SHARON EDEN, )
CLETUS SHAW, STEPHEN D. MOTE, MARK )
SPENCER, and ADELLA JORDAN-LUSTER ))
    Defendants.

OPINION

Before the court is the only remaining defendant, Adella Jordan-Luster's unopposed motion to dismiss [55].

**Standard**

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

**Allegations**

In his amended complaint, the plaintiff names Adella Jordan-Luster as a defendant. At the time of alleged event, she was employed at Pontiac Correctional Center as an assistant warden. The plaintiff claims that while he was incarcerated at Pontiac Correctional Center, he filed grievances requesting that he be placed on an "ITAL-vegan" diet. He was referred to Assistant Warden, Adella Jordan-Luster. The plaintiff wrote letters to Jordan-Luster requesting that he be placed on a vegan diet. In response, Jordan-Luster advised the plaintiff that there is no dietary modification required for his listed religion, Rastararian, and she denied his request. The plaintiff claims he "even went to the extent of changing his religion," but was denied his request to change his religion. Jordan-Luster denied his request to change his religion on the basis that

the change was requested for other than religious reason (dietary modifications). The plaintiff claims that the defendant Jordan-Luster violated the plaintiff's First Amendment rights and the Religious Land Use and Institutionalized Persons Act when she denied his request to receive a vegan diet and denied his request to change his religion. In Plaintiff's amended complaint, he prays that injunctive relief be awarded in that the defendant be ordered to put the plaintiff on a vegan diet. The plaintiff does not request any other relief.

### Argument

In her motion to dismiss, the defendant advises the court that the plaintiff is no longer at Pontiac Correctional Center. The court notes that the court's docket reflects that the plaintiff is housed at the Pinckneyville Correctional Center. Furthermore, the defendant advises the court that she no longer works at Pontiac Correctional Center and does not work at Pinckneyville Correctional Center. The defendant asserts that she therefore cannot be compelled to provide the plaintiff a vegan diet. The defendant asserts that she works at the Sheridan Correctional Center. [51].

### Discussion

A court's power to grant injunctive relief is limited. *Al-Alamin v. Gramley*, 926 F.2d 680 (7th Cir. 1991). The court must first find that a constitutional violation exists. *Id.* at 685. "When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers." *Id.* Furthermore, the Eleventh Amendment prevents federal courts from imposing retrospective injunctive relief. *Green v. Mansour*, 474 U.S. 64, 68-69, 106 S.Ct. 423, 426 (1985). In addition, an injunction will not issue for the fear of or the mere possibility of an event or injury happening in the future. Martin v. O'Grady, 738 F. Supp. 1191 (N.D. Ill. 1990). The plaintiff is no longer at Pontiac Correctional Center. Furthermore, there has been no allegation that a constitutional violation is ongoing such that an injunction should issue. Therefore, this issue of Plaintiff's Amended Complaint is dismissed.

Furthermore, the plaintiff's claim that Jordan-Luster denied his request to change his religion is also denied. The plaintiff admits in his complaint that he wanted to change his religion for purposes other than religion. As the plaintiff fails to state a claim upon which relief may be granted, this claim is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

**It is therefore ordered:**

1. **The plaintiff's request for injunctive relief is denied. The plaintiff's claim that Jordan-Luster violated his First Amendment rights when she denied his request to change his religion is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6). The defendant, Jordan-Luster's unopposed motion to dismiss [55] is granted. Adella Jordan-Luster is terminated as a defendant and this entire lawsuit is dismissed.**
2. **The parties are to bear their own costs.**
3. **Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and**

|   |   |
|---|---|
|    | phone number within seven days of such change. |
| 4. | If the plaintiff wishes to appeal this dismissal and any other rulings made by this court in this lawsuit, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. |

Enter this 6th day of March 2007.

/s/ Harold A. Baker
_____
**Harold A. Baker**
**United States District Judge**